IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| J.V. b/n/f JOSE AND MARGARITA VEGA,<br>    PLAINTIFFS<br><br>BROWNSVILLE INDEPENDENT SCHOOL DISTRICT<br>    DEFENDANT | §<br>§<br>§<br>§   C.A.1:20-cv-00031<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** J.V. by and through his parents and next friends, Jose and Margarita Vega, (collectively "Plaintiffs" herein), and files this their *First Original Complaint* against the Brownsville Independent School District (the "School District") and proceeds as follows:

### I. NATURE AND STAGE OF THE PROCEEDINGS

1. This action arises under the *Individuals with Disabilities Education Act* ("IDEA"), 20 U.S.C. §1401 *et seq*. It is an appeal of a decision by a Special Education Hearing Officer ("Hearing Officer") appointed by the Texas Education Agency ("TEA") who erroneously determined that the Brownsville Independent School District provided J.V. what is termed a *Free Appropriate Public Education* ("FAPE") as contemplated by the *Individuals With Disabilities Education Act* ("IDEA), 20 U.S.C. §1401 *et seq*. The Hearing Officer's decision (attached hereto as Exhibit A and incorporated herein as if fully set forth) was contrary to the applicable law and was not supported by the facts and any and all reasonable inferences related thereto. This Court should overturn the Hearing Officer's Decision, award the relief requested by J.V. accordingly and give him prevailing party status.

## II. JURISDICTION

2. This action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(A). Jurisdiction is conferred upon the Court pursuant to IDEA, 20 U.S.C. § 1415(i)(3)(A).

## III. VENUE

3. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b).

## IV. PARTIES

4. J.V. lives with his father and mother, Jose and Margarita Vega at 7130 Chicago Avenue, Brownsville, Texas 78521. They live within the Brownsville Independent School District catchment area.

5. The Brownsville Independent School District is a school district organized under the laws of the State of Texas. At all times pertinent to this case, J.V. was a student at the Brownsville Independent School District. They may be served by and through the Honorable Dr. Renee Gutierrez, PhD, Superintendent, Brownsville Independent School District 1900 E. Price Road, Brownsville, Texas 78521. Petitioners reasonably believe they will be represented by and through the Honorable Baltazar Salazar, of the Law Offices of Baltazar Salazar, 8814 Brae Acres, Houston, Texas 77074 who will both waive and accept service on behalf of the School District.

## V. FACTUAL BACKGROUND

A. ABOUT J.V.

6. J.V. was born on February 12, 2004. During a significant period that makes the basis of this complaint he was a student with the Brownsville Independent School District. He has been

diagnosed with cerebral palsy due to curvature of his spine. One of his legs is shorter than the other. He has very limited motor skills and is therefore wheelchair bound. He has very limited ability to use the wheelchair independently. He needs help, for example, with going to the bathroom and taking his clothing off to urinate and defecate. Joshua also needs help cleaning up after using the bathroom. Joshua frequently has accidents at home and at school, so he wears "pull ups." He can eat on his own. He can also write a little bit, but he cannot read. He can make sounds that are audible are very low, almost guttural and hard to understand. On occasion he uses a box to communicate. He frequently verbalizes pain in his legs. Joshua is considered significantly developmentally delayed.

B.  J.V.'S FIRST COMPLAINT WITH THE TEXAS EDUCATION AGENCY

7.  J.V. was a recipient of Special Education services with the School District. On March 29, 2016 he was taken with his classmates to an outing at the Porter Zoo in Brownsville. When he came home from school that day he was in pain and his mother took him to the Valley Regional Hospital. The medical record reflected that J.V. had a femoral fracture. Petitioners reasonably believe that a paraprofessional and attendant named Enrique Rodriguez was responsible for their son's physical injuries. Prior to the incident he was able to ambulate on his own at home. He also was able to transport himself at school but was very slow and would get tired quickly. Since the injury he is no longer able to do so.

8.  On or about August 22, 2017 T.B. filed a *Request For A Due Process Hearing* with the Texas Education Agency ("TEA") pursuant to the *Individuals With Disabilities Education Act*, 20 U.S.C. §1401 et seq., ("IDEA") to address the injuries he received at the hands of

---

. Vega BISD 016.

    Rodriguez and the failure of the School District to address his then current educational needs. As such, he additionally included claims that he was a victim of discrimination based upon disability, pursuant to Section 504 of the Rehabilitation Act of 1973, the Americans With Disabilities Act and Constitutional claims.

9. The case was set at TEA-Docket No. 286-SE-0817. During the course of this litigation the parties executed a Rule 11 Agreement, pursuant to the Texas Rules of Civil Procedure that noted, among other things that " the gravaman of Plaintiffs complaints sound in civil rights violations and not IDEA, or a Free Appropriate Public Education ("FAPE") ..." As such, J.V. filed a claim in federal court currently set at C.A. 1:18-cv–0008 so that his claims of discrimination based upon disability, could be heard. be heard.

C.     J.V.'S SECOND COMPLAINT FILED WITH THE TEXAS EDUCATION AGENCY

10. During the period from the injury to the present J.V. continued to attend the Brownsville Independent School District. During this period J.V. alleged that the School District failed to satisfy a number of the procedural requirements set forth in the IDEA, violating his substantive right to a FAPE thereby. He filed another complaint with the Texas Educational Agencies on December 21, 2018 contending the District failed to satisfy the requisites of IDEA, as to him over the then past year or from December 21, 2017.

D.     THE DUE PROCESS HEARING

11. On October 29, 30 and 31, 2019 a Special Education Due Process Hearing was convened. The Hearing Officer heard testimony from both parties and reviewed relevant documents. (*See* Exhibit A, noted above). J.V. argued that the District violating the procedural requirements set forth in the IDEA, so much so that it rose to a violation of his right to a

FAPE.

12. Such procedural failures include, but are not limited to the following:

   a.  The use of data from 2019, significantly after the period noted in the *Due Process Complaint* from December 21st of 2017, to the same date a year later;

   b.  The failure to fully assess and address his significant communication deficits and needs;

   c.  The failure to provide J.V. what is termed an Assistive Technology ("AT") Assessment to address such deficits and needs;

   d.  The failure to fully assess and address his pain, and develop a pain management plan;

   e.  The failure to have a full physical therapy assessment, which was especially warranted in light of his pain, and loss of independent ambulation skills;

   f.  The failure to fully assess J.V.'s changing vocational aptitude;

   g.  The failure to provide what is termed a *Functional Behavioral Assessment* ("FBA");

   h.  The failure to fully assess and provide. the student and family social work services;

   i.  The failure to assess whether or not he regressed during the time school was not in session during the summer, and failing to provide him *Extended School Year Services* ("ESY");

   j.  The failure to convene what is termed a *Full Individual Evaluation* ("FIE") every three years, as required under IDEA;

   k.  The failure to fully explain to the parents the *Procedural Safeguards* and parental rights under the IDEA;

   l.  The failure to provide the parents progress reports in a timely manner, and no less

than quarterly (especially important for a child who cannot communicate).

13. Further that because of the failure to assess and evaluate J.V.'s disabilities, as noted above, and provide the parents a full opportunity to participate in the development of their child's *Individualized Educational Plan* ("IEP"), accordingly the District failed to provide him an IEP commensurate with his unique and individualized needs, as additionally evidenced by the following:

   a. The failure to have credible data, i.e., PLAPP's, or what is termed *Present Level Of Achievement And Functional Performance;*

   b. The failure to develop clear, concise and measurable goals in his *Individualized Educational Plan* ("IEP");

   c. The failure to record credible data so as to determine whether or not J.V. experienced academic benefit from his IEP;

   d. The failure to record credible data so as to determine whether or not J.V. experienced non-academic benefit from his IEP;

   e. The failure to train staff on how to develop IEP goals;

   f. The failure to train staff on J.V.'s IEP goals;

   g. The failure to have necessary supervision personnel in place to assure staff followed necessary federal and state law and regulations.

14. J.V. argued that the above-noted procedural violations under IDEA, individually and in concert with each other, rose to the level of a substantive violation of his right to a FAPE, including but not limited to the following:

   a. The ability to communicate with his peers and staff;

b. The ability to make use of emerging technology to compensate for his communication deficits;

c. The ability to attend school pain-free or with reduced pain;

d. The ability to ambulate independently in the classroom and school environment;

e. The failure to have a physical therapy services IEP commensurate with his unique and individualized needs;

f. The failure to have a cogent vocational plan commensurate with his unique and individualized needs;

g. The failure to have his behavioral needs addressed in an IEP commensurate with his unique and individualized needs;

h. The failure to have necessary social work services to address his own his parent's needs;

i. The failure to provide him *Extended School Year Services* ("ESY") and thus J.V. regressed during the summers;

j. The failure to have a credible IEP, making it impossible to assess progress and thus failing to provide him academic benefit;

k. The failure to have a credible IEP, making it impossible to assess progress and thus failing to provide him non-academic benefit;

l. The failure to assure the IEP was correctly implemented because staff was not trained; and

m. The failure to be educated in the least restrictive environment and in the least restrictive manner.

C.   THE HEARING OFFICER DECISION

15. On January 6, 2020 the Hearing Officer published an opinion rejecting J.V.'s contention that the School District failed to provide him a FAPE and violated the IDEA thereby. In doing so, the Hearing Officer failed to consider all the procedural violations noted above. In fact, the Hearing Officer only considered one procedural violation addressed by J.V. and summarily rejected it. Specifically, that the District sent his parents progress reports every six weeks was sufficient, even though the law required it quarterly, 34 C.F.R. §300.320(a)(3)(i-iii) and his verbal communication deficits surely required it more often. The Hearing Officer also rejected the contention J.V. was not provided services in the least restrictive environment, that his IEP was not developed by key stake-holders in a collaborative manner, that he did not receive academic benefit or academic benefit from the IEP developed and implemented by school officials.

16. The Hearing Officer failed to correctly weigh the evidence. What is particularly problematic and erroneous is that the Hearing Officer's Decision is bereft of any caselaw or legal analysis. As such, it is no surprise that the Decision is infirm.   J.V. appeals that decision accordingly.

## VII. CLAIMS FOR RELIEF UNDER THE IDEA

17. The IDEA and its implementing regulations require that each state which receives disbursements under the IDEA, including the state's political subdivisions such as local school districts, must ensure that all students with disabilities are provided the substantive benefit of a *Free Appropriate Public Education* ("FAPE"). In order to do so, the School District must also satisfy the many procedural requirements as set forth in the IDEA. The

Brownsville Independent School District has failed to do both.

18. When assessing whether or a not a school district has provided a student with a disability this FAPE, it must first look to the procedural violations and determine if such violation rise to the level of a substantive violation of the requirement. Here the Hearing Officer erred by not considering at all, the litany of the procedural errors noted above, whether taken individually or if taken in concert with each other. As such, the Hearing Officer also failed to correctly assess, and determine, that such procedural violations substantively violated the rights of J.V. to receive a FAPE.

19. On a most basic substantive note the School District must provide services to the student commensurate with their unique and individualized needs. Here the School District failed to do so in a number of ways. In this case we have a student with significant communication deficits yet the student failed to fully provide this student the ability to benefit from emerging technology so as to better effectuate address his communication needs and effectuate the development of such skills like with an IPAD or similar device. Nor is there any attempt to provide him sign-language. Nor is there any concerted effort to give him a microphone so that his minimal ability to communicate could be amplified and more easily heard by others. The Hearing Officer erred by not noting this failure.

20. Additionally, J.V. has a long-known problem of with pain in his knees and legs. The District did nothing to address this unique and individualized need either, one that colors every day of J.V.'s existence and surely affected his ability to concentrate at school. The Hearing Officer erred by not noting this failure.

21. Further, it is equally well-known that before the incident in 2016 when J.V. was injured by Rodriguez he could ambulate on his own. Nevertheless, the District did nothing toaddress

this unique and individualized need either, one that also effects the ability of J.V. to be independent whether it be at school, or at home or in a vocational setting.

22. Moreover, and also on a substantive level the School District has a duty to collaborate with the parents, a key stakeholder in the special education process. The evidence in this case supports Plaintiffs contention that they did not. Nevertheless, the Hearing Officer determined that District satisfied this element and erred thereby.

23. Also, on a substantive level the School District has a duty to provide the student services in what is termed the least restrictive environment and in the least restrictive or intrusive manner. The evidence in this case supports Plaintiffs contention that they did not. Nevertheless, the Hearing Officer determined that District satisfied this element and erred thereby.

24. Additionally, the School District has a duty to provide the student academic benefit. The evidence in this case supports Plaintiffs contention that they did not. Nevertheless, the Hearing Officer determined that District satisfied this element and erred thereby.

25. Further, the School District has a duty to provide the student non-academic benefits. The evidence in this case supports Plaintiffs contention that they did not. Nevertheless, the Hearing Officer determined that District satisfied this element and erred thereby.

26. Overall, the School District has a duty to both develop and provide an *Individualized Education Plan* commensurate with student's unique and individualized need. The evidence in this case supports Plaintiffs contention that they did neither. Nevertheless, the Hearing Officer determined that District satisfied this element and erred thereby.

**CONCLUSION AND PRAYER**

27. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court receive and

review the records of the administrative proceedings brought by Plaintiffs as required by the IDEA, set this case for briefing on the merits and award Plaintiffs the following relief; that the Court enter a judgment reversing Hearing Officer's decision and rendering a decision that Plaintiffs have met their burden of proof regarding the District's failure to provide J.V. FAPE, declare Plaintiffs prevailing party, award Plaintiffs any other and further relief as the Court determines is appropriate, whether at law, or in equity or both.

Respectfully submitted,

*/s/ Martin J. Cirkiel*
Martin J. Cirkiel, Attorney
State Bar No.: 00783829
marty@cirkielaw.com [Email]; and

Holly Griffith Terrell, *Of Counsel*
State Bar No. 24050691
holly@cirkielaw.com [Email]

Cirkiel & Associates, P.C.
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]

**ATTORNEYS FOR PLAINTIFFS**